IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHELLY VON BRINCKEN, et al.,

        Plaintiffs,              Case No. 2:12-cv-2594 GEB DAD PS

    vs.

MORTGAGECLOSE.COM, INC.,      <u>FINDINGS AND RECOMMENDATIONS</u>
et al.,

        Defendants

_____/

        Plaintiffs, Shelly Von Brincken and David Wynn Miller, proceeding pro se,
commenced this action on October 18, 2012, by filing a complaint and paying the required filing
fee.  The case has therefore been referred to the undersigned pursuant to Local Rule 302(c)(21).

        On November 13, 2012, the undersigned issued an order setting a Status (Pretrial
Scheduling) Conference in this matter for March 1, 2013.  (Doc. No. 4.)  Pursuant to that order
plaintiffs were to file and serve a status report on or before February 15, 2013.  Moreover, in that
order plaintiffs were advised that the failure to file a timely status report, or the failure to appear
at the scheduled status conference, could result in a recommendation that this action be dismissed
due to lack of prosecution and as a sanction for failure to comply with court orders and
applicable rules.  <u>See</u> Local Rules 110 and 183.  Plaintiffs were also cautioned that Rule 4(m) of

the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 120 days after the complaint was filed.

Nonetheless, neither plaintiff filed a status report as required by the court's order, neither plaintiff appeared at the March 1, 2013 Status Conference and the court's docket reflects that no defendant had been served with process or appeared in this action.  Accordingly, on March 4, 2013, the undersigned issued an Order to Show Cause, ordering plaintiffs to show cause in writing within twenty-one days as to why this case should not be dismissed for lack of prosecution.  (Doc. No. 8.)

On March 26, 2013, plaintiffs filed a response to the court's order to show cause. That response consists of one page of incomprehensible statements.  (Doc. No. 9.)  For example, in the document plaintiffs state in part:  "FOR THE FOLLOW OF THESE NEW INSTRUCTIONS AS WE DO-NOT USE THE DISTRICT-COURT ANYMORE."  (Doc. No. 9 at 1.)  Moreover, despite the court's additional warning and the further passage of time, the court's docket still reflects that no defendant has been served with process or appeared in this action.

Plaintiffs have twice been advised of the requirements of Rule 4(m) and yet plaintiffs have filed no evidence with the court that service of a summons and the complaint was effected on any named defendant, and no defendant has appeared in the action.  Accordingly, the undersigned finds that plaintiffs have failed to comply with Rule 4(m).  In addition, the court finds that plaintiffs have failed to comply with the court's November 13, 2012 order requiring plaintiff to:  (1) appear at the status conference on March 1, 2013 in person or telephonically; (2) file a certificate of service indicating the date and manner of service of the November 13, 2012 order upon each defendant; and (3) file a status report on or before February 15, 2013.  (Doc. No. 4 at 1-2.)  Plaintiffs were informed that failure to file a timely status report or failure to appear at the status conference "may result in a recommendation that this action be dismissed for lack of

1   prosecution and as a sanction for failure to comply with court orders and applicable rules." (Id.

2   at 3.)  Nonetheless, the court's docket for this case reflects that plaintiffs have failed to take any

3   steps to prosecute this action after filing the complaint and that no order served on plaintiffs has

4   been returned to the court as undeliverable.  Finally, one plausible interpretation of plaintiffs'

5   filing in response to the court's order to show cause is that plaintiff's have indicated that they do

6   not wish to pursue this action in U.S. District Court.

7           Accordingly, IT IS RECOMMENDED that this action be dismissed without

8   prejudice due to plaintiffs' failure to effect service on any defendant within the time specified in

9   Rule 4(m) of the Federal Rules of Civil Procedure, failure to comply with multiple requirements

10  of the court's order filed November 13, 2012, and failure to prosecute this action.

11          These findings and recommendations will be submitted to the United States

12  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

13  fourteen (14) days after being served with these findings and recommendations, plaintiffs may

14  file written objections with the court.  A document containing objections should be titled

15  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that

16  failure to file objections within the specified time may waive the right to appeal the District

17  Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED: April 3, 2013.

19

20  _____

21  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

22

23  DAD:6
    Ddad1\orders.pro se\vonbrincken2594.Rule4.f&rs

24

25

26